*31 OPINION.
Geeen:
The First National Bank of Marlow, Okla., contends that it is entitled to deduct, under the provisions of section 234(a) (5) of the Revenue Act of 1921, $2,000 which its predecessor charged off on a $2,500 note within the taxable year, it having been determined by the predecessor that the probable recovery thereon would not exceed $500.
The facts here show that the Guaranteed State Bank of Marlow, Okla., of which the petitioner is the successor, purchased a $2,500 note of the Miller-Link Lumber Co. from a correspondent bank in St. Louis, Mo. The Miller-Link Lumber Co., before the maturity of the note, was placed in the hands of a receiver. In 1921, after the maturity of the note, the state bank examiner compelled the bank to charge $2,000 of the principal of the note to profit and loss.
The record shows that the bank was in regular communication with the creditors’ committee of the insolvent lumber company, but received no satisfactory statements in regard to the collectibility of the note. Information had also been received from the bank in St. Louis, from which the note had been purchased, that it had charged off notes of this company in the amount of $200,000. The only possible recovery appeared to be from the proceeds of a life insurance policy on the life of the president of the company, which was involved in litigation between the heirs of the deceased and the creditors of the corporation.
We conclude that that debt represented by the note was recoverable only in part and that there was ample reason for charging off $2,000 in 1921.

Judgment uMl be entered for the respondent.

Considered by Sternhagen, Lansdon, and ARUndell.